[No. B105915. Second Dist., Div. Four. Feb. 10, 1998.]

JOAN COOPER, Plaintiff and Appellant, v.
MOUNTAINS RECREATION AND CONSERVATION AUTHORITY et
al., Defendants and Respondents;
CANYON OAKS ESTATES, Real Party in Interest and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*This opinion is certified for partial publication as to the following: the opening paragraph, *the first two paragraphs* of Factual and Procedural Background, part IV of the Discussion, and the Dispostion.

**COUNSEL**

Joan Cooper, in pro. per., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Richard M. Frank, Assistant Attorney General, Alan V. Hager and Terry T. Fujimoto, Deputy Attorneys General, De Witt W. Clinton, County Counsel, and Helen S. Parker, Principal Deputy County Counsel, for Defendants and Respondents.

Gibson, Dunn & Crutcher, Gary L. Justice and Sheila R. Caudle for Real Party in Interest and Respondent.

**OPINION**

**EPSTEIN, J.**—Joan Cooper appeals the trial court's dismissal of her petition for a writ of mandate. She challenges the Mountains Recreation and

Conservation Authority's (Authority) purchase of 662 acres of land in Topanga Canyon, maintaining the Authority overpaid for the parcel, violated the California open meeting law, popularly known as the Ralph M. Brown Act or the Brown Act (Gov. Code, § 54950 et seq.), and the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.), and exceeded its powers under its joint powers agreement. She also contends the Los Angeles County Board of Supervisors improperly allocated funds under Proposition A for the purchase. We find no error and affirm the judgment. In the published portion of this opinion, we conclude that the Authority did not exceed its power under the joint powers agreement. The other issues are considered in the unpublished portion of the opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Joan Cooper is a taxpayer residing in Topanga Canyon, the site of the property at issue.

Respondents include: (1) the Santa Monica Mountains Conservancy (Conservancy), an entity governed by a board composed of eight voting members and two ex officio members within the Resources Agency (Pub. Resources Code, § 33200 et seq.); (2) the Authority, a joint public entity created pursuant to a joint powers agreement between the Conservancy and the Conejo and Rancho Simi park districts (Gov. Code, § 6500 et seq.);[1] and (3) the County of Los Angeles, a public entity.

. . . . . . . . . . . . . . . . . . . . . . . . . . . .*

DISCUSSION

I-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

■ Appellant argues that under its joint powers agreement between the Conservancy and the park districts, the Authority is required to gain approval from the public works board to acquire property. Appellant bases her argument on the fact that the Conservancy is required to obtain approval

[1]We take judicial notice of the joint powers agreement between the Conservancy and park districts. (See Evid. Code, § 452, subds. (b), (h).)

*See footnote, ante, page 1115.

from the public works board prior to acquiring land. (Gov. Code, § 15850; Pub. Resources Code, § 33203.) She does not dispute the fact that the park districts are not required to obtain approval prior to a purchase. (Pub. Resources Code, § 5782.5, subd. (b).) She presents a question of statutory interpretation, which we review de novo. (*Golden Cheese Co.* v. *Voss* (1991) 230 Cal.App.3d 547, 556 [281 Cal.Rptr. 587].)

A joint powers agency "is subject to the restrictions upon the manner of exercising the power of *one* of the contracting parties, which party shall be designated by the agreement." (Gov. Code, § 6509, italics added.) Section 4.2 of the agreement between the Conservancy and park districts states, "[p]owers are subject to the restrictions upon the manner of exercising the powers *as imposed upon the Conejo and Rancho Simi Districts,* . . ." (Italics added.) Under this agreement, the Authority is subject to the same restrictions as the park districts. Seeking approval from the public works board is not among those restrictions.

V*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.

---

*See footnote, *ante*, page 1115.